NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD MATHIS, AKA Joe R. Mathis, Special Administrator of the Estate of Joe Robinson Mathis and as Trustee of the Joe Robinson Mathis and Eleanor Margherite Mathis Trust; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> COUNTY OF LYON, a Political Subdivision of the State of Nevada, <br><br> Defendant, <br><br> and <br><br> RICHARD GLOVER, individually, <br><br> Defendant-Appellant. | No.  16-16723 <br>       17-16060 <br><br> D.C. No. <br> 2:07-cv-00628-APG-GWF <br><br><br> MEMORANDUM[*] |
| RICHARD MATHIS, AKA Joe R. Mathis, Special Administrator of the Estate of Joe Robinson Mathis and as Trustee of the Joe Robinson Mathis and Eleanor Margherite Mathis Trust; et al., <br><br> Plaintiffs-Appellees, | No.  16-16751 <br>       17-16061 <br><br> D.C. No. <br> 2:07-cv-00628-APG-GWF |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

COUNTY OF LYON, a Political
Subdivision of the State of Nevada,

Defendant-Appellant,

and

RICHARD GLOVER, individually,

Defendant.

RICHARD MATHIS, AKA Joe R. Mathis,
Special Administrator of the Estate of Joe
Robinson Mathis and as Trustee of the Joe
Robinson Mathis and Eleanor Margherite
Mathis Trust; et al.,

Plaintiffs-Appellants,

v.

COUNTY OF LYON, a Political
Subdivision of the State of Nevada and
RICHARD GLOVER, individually,

Defendants-Appellees.

No.    16-16938
       17-16194

D.C. No.
2:07-cv-00628-APG-GWF

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted October 17, 2018
San Francisco, California

Before:  HAWKINS and HURWITZ, Circuit Judges, and EATON,** Judge.

Relying on his statutory authority to "secure" a decedent's estate, *see* Nev. Rev. Stat. § 253.0405, Richard Glover, the public administrator of Lyon County, Nevada, entered the residence of Joe Mathis without a warrant or notice to Mathis' heirs, removing weapons and other valuables.  Some of the seized property was not returned to the heirs.  In this suit against Glover and the County, Mathis' sons and the trustee of a family trust assert violations of the Fourth and Fourteenth Amendments and state common law claims.

The district court held that Glover and the County were liable to the plaintiffs on the Fourteenth Amendment claims and that the County was liable on the Fourth Amendment Claims.  Judgment was entered in favor of Glover on the Fourth Amendment claims because of qualified immunity.  A jury then awarded the plaintiffs compensatory damages against both defendants and punitive damages against Glover.

The parties cross-appealed.  We have jurisdiction under 28 U.S.C. § 1291 and reverse the district court judgment as to the Fourth Amendment search claims, but affirm as to the Fourth Amendment seizure, Fourteenth Amendment, and state law claims.

---

** Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

3

## I. The Fourth Amendment Claims.

A. The district court erred by entering judgment against the County on the Fourth Amendment search claims, because no plaintiff had a reasonable expectation of privacy in the Mathis home at the time of the search. *See Smith v. Maryland*, 442 U.S. 735, 740 (1979).

1. The Mathis brothers did not own, pay rent for, or live at the residence. The fact that they stored personal property at the house and had access did not confer an objectively legitimate expectation of privacy. *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 757–58 (9th Cir. 2009). Nor did any agricultural interest of James Mathis in the surrounding fields. *See Oliver v. United States*, 466 U.S. 170, 179–80 (1984).

2. The district court incorrectly held that the Mathis Trust, the owner of the residence, had a reasonable expectation of privacy. Owning residential property does not confer the same Fourth Amendment rights as living in it. *See United States v. Warner*, 843 F.2d 401, 403 (9th Cir. 1988); *see also Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("[T]he Fourth Amendment protects people, not places." (quoting *Smith*, 442 U.S. at 740)).[1]

---

[1] Even assuming that the trustee could assert the Fourth Amendment rights of beneficiaries, as we noted above, the beneficiaries in this case (the Mathis brothers), had no reasonable expectations of privacy in the residence at the time of the search.

B.  However, a party "need not show a reasonable expectation of privacy to enjoy the protection of the Fourth Amendment against *seizures* of . . . property." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027–28 (9th Cir. 2012).  A warrantless seizure is per se unreasonable, "subject only to a few specifically established and well delineated exceptions."  *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993)).  The district court correctly rejected the County's argument that the community caretaking exception justified the seizure; that doctrine applies only to the impounding and inventory searches of motor vehicles.  *See United States v. Erickson*, 991 F.2d 529, 532 (9th Cir. 1993).

C.  The district court correctly held that the County was liable for the Fourth Amendment seizure violation because Glover was a final policymaker.  *See Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).  Although Nevada law does not explicitly vest the public administrator with policymaking authority, it expressly prohibits *deputy* public administrators from having any such authority, Nev. Rev. Stat. § 253.025, implying that the public administrator is a final policymaker.  Moreover, state law does not provide for direct oversight of the public administrator by any county official.  *See Lytle*, 382 F.3d at 982–83.  Because the public administrator is elected by county voters and not supervised by the state, the administrator is an officer of the county, not the state.  *See* Nev. Rev. Stat. § 253.010.  We therefore

5

affirm the district court's judgment as to the Fourth Amendment seizure claim against the County.[2]

## II. Fourteenth Amendment.

A. The district court correctly held that Glover violated the Fourteenth Amendment by seizing Mathis' property without notice. Glover argues, as he has twice unsuccessfully done before in this Court, that he is entitled to qualified immunity on the due process claims. *Mathis v. Cty. of Lyon*, 633 F.3d 877, 879 (9th Cir. 2011); *Mathis v. Cty. of Lyon*, 591 F. App'x 635, 635 (9th Cir. 2015). Applying the law of the case doctrine, we decline to revisit those prior decisions. *See Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988).

B. The district court did not err in denying Glover's motion for judgment as a matter of law on punitive damages. The plaintiffs produced evidence that Glover did not photograph any of the Mathis property when he removed it, contrary to his routine practice, and hid some of the property in his warehouse, only revealing its location after his assistant informed the police. A reasonable jury could have concluded that Glover intended to convert the property. *See Smith v. Wade*, 461 U.S. 30, 56 (1983).

---

[2] Because the damages awarded on the Fourth Amendment claims all appear to arise from the seizure, our decision to reverse the judgment as to the search claim does not affect the damages award against the County.

C. The district court did not abuse its discretion by denying Glover's motion for a new trial on the emotional damages award. Had he followed constitutionally required procedure, this injury would not have occurred. *See Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985). Moreover, the jury was instructed that the emotional distress damages must arise directly from Glover's unconstitutional actions. The Mathis brothers' testimony about the emotional distress they suffered was sufficient to support the award. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040–41 (9th Cir. 2003).

4. The County is liable because Glover was a final policymaker. *See Lytle*, 382 F.3d at 982–83. The district court also correctly rejected the County's argument that the plaintiffs had an adequate post-deprivation remedy in the form of a tort lawsuit. This is not a case in which a "random and unauthorized act by a state employee" caused a constitutional deprivation, nor was it "impossible" for the County to prevent the violation. *See Zinermon v. Burch*, 494 U.S. 113, 128–29 (1990).

## III. State Law Claims.

A. The district court did not err by denying Glover's motion for judgment as a matter of law on the plaintiffs' trespass to chattels and conversion claims. Nevada law authorizes a public administrator to "secure" property; it does not expressly

7

authorize the removal of personal property from a home without notice or judicial process.  *See* Nev. Rev. Stat. § 253.0405.

B.   The district court correctly applied the Nevada statutory cap on tort damages against state employees.  Nev. Rev. Stat. § 41.035.  Because the cap functions "on a per person per claim basis," the property damage award to the Trust for six tort claims did not exceed the then-applicable $50,000 limit.  *See* Nev. Rev. Stat. § 41.035 (1995); *Cty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch*, 961 P.2d 754, 761 (Nev. 1998).

C.   The district court did not abuse its discretion by denying Glover's motion for a new trial because of "ambiguous" jury responses.  The district court reasonably concluded the jury had followed its instruction to consider the constitutional and state law claims separately and that its verdict did so.  *See Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987).

**IV.   Other Issues Raised by the County and Glover.**

A.   The district court did not abuse its discretion by admitting evidence about Glover's prior bad acts and the County's lack of supervision.  The jury was properly instructed that the evidence was admitted only for the purpose of establishing the County's liability for Glover's constitutional violations.

B.   The district court did not abuse its discretion by failing to instruct the jury that the plaintiffs were not pursuing a negligent hiring claim; it instead allowed the

8

County to argue to the jury that any failure to train or supervise was irrelevant to the issues before it.

C. The district court did not abuse its discretion by awarding plaintiffs 7% compound prejudgment interest. The rate was supported by the testimony of the plaintiffs' expert, and the district court expressly found the calculation was based on the appropriate considerations.

D. The district court did not abuse its discretion by awarding attorneys' fees for the plaintiffs' success in prior appellate proceedings. If, as here, a plaintiff becomes a prevailing party only after an interlocutory appeal, he "should presumptively be eligible for attorney's fees incurred during the first appeal, because that appeal likely contributed to the success of the underlying litigation." *Yamada v. Snipes*, 786 F.3d 1182, 1210 (9th Cir. 2015).

## V. The Plaintiffs' Cross-Appeal.

A. The district court did not err by granting Glover qualified immunity on the Fourth Amendment seizure claim. No Supreme Court or Ninth Circuit case has held that a public official violates the Fourth Amendment when he enters the home of a decedent armed with apparent statutory authority to secure the property. It was therefore not clearly established that Glover's "particular" conduct in entering the home violated the Fourth Amendment. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

9

B.  The district court did not abuse its discretion by denying prejudgment interest on the unliquidated emotional damages awards.  The court determined that prejudgment interest was unnecessary to make the plaintiffs whole, because the award accounted for the emotional impact suffered after Glover's entry of the residence.  *See In re Acequia, Inc.*, 34 F.3d 800, 818 (9th Cir. 1994).

**AFFIRMED in part; REVERSED in part and REMANDED.  Each party to bear its own costs.**